IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| SARAH HEGGEN LEWIS, EMILY HEGGEN, and MARN HEGGEN, on behalf of themselves and a class of similarly situated persons, | ) ) ) ) ) | |
| **Plaintiffs** | ) ) ) | Civil Action No.: |
| v. | ) ) | |
| NINE POINT ENERGY, LLC | ) ) | |
| **Defendant.** | ) | |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Sarah Heggen Lewis, Emily Heggen, and Marn Heggen (collectively "Plaintiffs"), on behalf of themselves and the Class defined below, for their Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Nine Point Energy, LLC ("Defendant" or "Nine Point") allege:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this class action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (a) Plaintiffs have brought this case as a class action; (b) the Class proposed by Plaintiffs exceeds 100 members; (c) the proposed Class contains at least one Class member who is a citizen of a state different from the states where the Defendant is deemed to be a citizen; and (d) the amount in controversy on the claims of the proposed Class members exceeds the sum of $5,000,000, exclusive of interest and costs.

2. This Court has personal jurisdiction over Nine Point because a substantial portion of the acts and conduct of Nine Point giving rise to the claims asserted in this class action occurred in the State of North Dakota.

3. Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district because a substantial part of Nine Point's conduct giving rise to the claims alleged in this class action occurred in this judicial district.

## PARTIES

4. Plaintiff Sarah Heggen Lewis is a resident and citizen of the State of North Dakota.

5. Plaintiff Emily Heggen is a resident and citizen of the State of California.

6. Plaintiff Marn Heggen is a resident and citizen of the State of Oregon.

7. Defendant Nine Point Energy, LLC is a limited liability company organized under the laws of the State of Delaware, and its principal place of business is located at 1001 17th Street, Suite 1400, Denver, Colorado, 80202.

## CLASS DEFINITION

8. Plaintiffs bring this class action on behalf of themselves and a Class of similarly situated persons consisting of:

> All persons to whom Nine Point has paid royalties on oil produced from wells located in the State of North Dakota since July 1, 2010, pursuant to leases or overriding royalty agreements which require Nine Point "[t]o deliver to the credit of Lessor, free of cost, in the pipeline to which Lessee may connect wells on said land, the equal [a specified percentage] of all oil produced and saved from the leased premises."
>
> The Class excludes: (a) the United States; and (b) Nine Point and its affiliated entities, and their respective employees, officers and directors.

## FACTUAL ALLEGATIONS

9. On March 18, 2010, Sarah Heggen Lewis, as lessor, entered into an oil and gas lease with Black River Energy, LLC, as lessee, pertaining to leased premises located in the State of North Dakota (McKenzie County Recorder of Deeds Number 400858, the "858 Lease"). Sarah Heggen Lewis has owned the lessor's interests under the 858 Lease at all times since entering into her lease. At some point after July 1, 2010, Nine Point acquired the lessee's interests under the 858 Lease, and Nine Point has continued to own the lessee's interests under the 858 Lease at all times since acquiring said interests.

10. On March 25, 2010, Emily Heggen, as lessor, entered into an oil and gas lease with Black River Energy, LLC, as lessee, pertaining to leased premises located in the State of North Dakota (McKenzie County Recorder of Deeds Number 401533, the "533 Lease"). Emily Heggen has owned the lessor's interests under the 533 Lease at all times since entering into her lease. At some point after July 1, 2010, Nine Point acquired the lessee's interests under the 533 Lease, and Nine Point has continued to own the lessee's interests under the 533 Lease at all times since acquiring said interests.

11. On March 25, 2010, Marn Heggen, as lessor, entered into an oil and gas lease with Black River Energy, LLC, as lessee, pertaining to leased premises located in the State of North Dakota (McKenzie County Recorder of Deeds Number 400868, the "868 Lease"). Marn Heggen has owned the lessor's interests under the 868 Lease at all times since entering her lease. At some point after July 1, 2010, Nine Point acquired the lessee's interests under the 868 Lease, and Nine Point has continued to own the lessee's interests under the 868 Lease at all times since acquiring said interests.

12. The 858 Lease, the 533 Lease and the 868 Lease all contain an identical oil royalty provision, under which the lessee agrees "[t]o deliver to the credit of the lessor, free of cost, in the pipeline to which lessee may connect wells on said land, the equal [three-sixteenths (3/16)] part of all oil produced and saved from the leased premises." The oil royalty provisions of the 858 Lease, the 533 Lease and the 868 Lease provide for a one-eighth royalty (1/8). However, below the legal description of the leased land in each lease contains the provision "Wherever the term one-eighth (1/8) appears herein, it is hereby changed and amended to be three-sixteenths (3/16)."

13. At various times since Nine Point acquired its lessee's interests under the 858 Lease, the 533 Lease and the 868 Lease, Nine Point has produced and sold oil from wells subject to all of these Leases, and has paid royalties to Plaintiffs on such oil production.

14. At various times since acquiring its interests, Nine Point, in its calculation and payment of royalties to Plaintiffs on oil sales subject to the 858 Lease, the 533 Lease and the 868 Lease, has improperly deducted from the sale price of the oil various costs related to transporting the oil from the well to a transportation pipeline, related to transporting the oil to a delivery point where the oil has been sold to third parties, or other costs not permitted under the terms of the applicable royalty provisions. The costs which Nine Point has improperly deducted from the sales price of the oil have included costs which Nine Point itself describes as "TRN2 – Transportation," "STP20 – Stripper 08/01/2018," "STP28 – Stripper 06/01/2019," "STP25 – Stripper 02/01/2019," "STP26 – Stripper 10/01/2018," and "STP24 – Stripper 09/01/2018."

15. Nine Point's deduction of the above-referenced costs in its calculation of royalties paid to Plaintiffs on oil sales is not permitted under the oil royalty provision referenced in Paragraph 12 of this Complaint, and Nine Point has materially breached its contractual obligations to Plaintiffs

4

under the 858 Lease, the 533 Lease and the 868 Lease by taking such deductions in its calculation and payment of royalties to Plaintiffs.

16. Plaintiffs have sustained substantial damages as a result of Nine Point's breaches of its contractual obligations to Plaintiffs under the 858 Lease, the 533 Lease and the 868 Lease.

17. In addition to Plaintiffs, each member of the proposed Class has an interest in a lease or overriding royalty agreement which contains the same oil royalty provision that is set forth in the 858 Lease, the 533 Lease and the 868 Lease, and under which Nine Point has owned the lessee's interest, or with respect to overriding royalty agreements, has been obligated to pay the royalties to the owner of the overriding royalty interest. Nine Point, in its calculation and payment of royalties on oil sales to the members of the Class, has engaged in the same method of royalty accounting which it utilizes to pay royalties to Plaintiffs on oil sales, in that Nine Point has deducted from the sales price of the oil the various costs referenced in Paragraph 14 of this Complaint at various times since July 1, 2010.

18. Nine Point, in deducting the above-referenced costs in its calculation of royalties paid to the Class members on oil sales, has materially breached its contractual obligations to the Class members under the leases and overriding royalty agreements described in the Class definition set forth in Paragraph 8 of this Complaint.

19. As a direct result of Nine Point's breach of its contractual obligations to the members of the Class, the royalties owed to the Class members have been substantially underpaid, and the Class members have sustained substantial damages.

## CLASS ACTION ALLEGATIONS

20. The proposed Class, which consists of more than one hundred persons, is so numerous that joinder of all Class members in this litigation is impractical.

21. There are questions of law or fact common to the claims of the Class members against Nine Point, including, but not limited to: (1) whether Nine Point's deduction of the above-referenced costs in its calculation of royalties paid to the Class members is a material breach of Nine Point's obligations to the Class members under the leases and overriding royalty agreements at issue; and (2) the proper method for calculating the royalty underpayments resulting from Nine Point's improper deduction of the above-referenced costs from the sales price of the oil in its payment of royalties to the Class members.

22. The claims of Plaintiffs against Nine Point are typical of the claims of the Class members against Nine Point.

23. Plaintiffs will fairly and adequately protect the interests of the Class members regarding their claims against Nine Point.

24. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members of the Class.

25. A class action is superior to other available methods for fairly adjudicating this controversy.

## FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

26. The allegations contained in Paragraphs 1 through 25, inclusive, are restated and incorporated by reference herein.

27. Nine Point has breached its obligations to Plaintiffs and the Class members under the leases and overriding royalty agreements at issue, in the manner described above.

28. Plaintiffs and the Class members have sustained substantial damages as a direct result of Nine Point's breaches of its royalty payment obligations to Plaintiffs and the Class under the leases and overriding royalty agreements at issue.

29. Pursuant to N.D.C.C. § 47-16-39.1, Plaintiffs and the Class members are entitled to recover prejudgment interest on the full amount of each royalty underpayment, at a rate of eighteen percent per annum, calculated from the date of each underpayment through the date of judgment, as well as court costs and attorney's fees.

## SECOND CLAIM FOR RELIEF – DECLARATORY JUDGMENT

30. The allegations contained in Paragraphs 1 through 29, inclusive, are restated and incorporated by reference herein.

31. A controversy exists between Plaintiffs, the Class, and Nine Point regarding the correct method for Nine Point's calculation and payment of future royalties on oil sales under the leases and overriding royalty agreements at issue.

32. Plaintiffs request that the Court enter a declaratory judgment declaring that Nine Point is required to pay future royalties to Plaintiffs and the Class members under the leases and overriding royalty agreements at issue without taking the deductions referenced in Paragraph 14 of this Complaint.

## PRAYER FOR RELIEF

Plaintiffs pray for the following relief:

1. An Order finding that the claims asserted by Plaintiffs on behalf of the defined Class should be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3), that Plaintiffs be appointed as the Class Representatives for the certified Class, and that Plaintiffs' attorneys be appointed as Class Counsel for the certified Class;

2. A judgment in favor of Plaintiffs and the Class members on their claim for Nine Point's breaches of the leases and overriding royalty agreements at issue, for the full amount of royalty underpayments, plus applicable prejudgment interest pursuant to N.D.C.C. § 47-16-39.1;

3. A declaratory judgment declaring the appropriate method for Nine Point's calculation of future royalties on oil sales under the leases and overriding royalty agreements at issue, in accordance with the relief prayed for by Plaintiffs in Paragraph 32 of this Complaint;

4. An award of court costs and attorneys' fees; and

5. For such additional relief as may be just.

## DEMAND FOR JURY TRIAL

6. Plaintiffs request a jury trial on all matters so triable.

VOGEL LAW FIRM

By: */s/ Joshua A. Swanson*
Joshua A. Swanson, ND Bar No. 06788
R.J. Pathroff, ND Bar No. 07759
218 NP Avenue
Fargo, ND 58102
(701) 237-6983
jswanson@vogellaw.com
rpathroff@vogellaw.com


LAW OFFICES OF GEORGE A. BARTON, P.C.

By: */s/ George A. Barton*
George A. Barton Mo. Bar No. 26249
7227 Metcalf Avenue, Suite 301
Overland Park, KS 66204
(913) 563-6250
gab@georgebartonlaw.com

**ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS**